IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OREST CHRYNIWSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 6214 |
| | ) |
| LINCOLN FINANCIAL GROUP, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Orest Chryniwsky's (Chryniwsky) motion to remand. For the reasons stated below, the motion to remand is granted.

## BACKGROUND

On December 27, 1984, Chryniwsky obtained a $50,000 life insurance policy (Policy) from Defendant Aetna Life Insurance and Annuity Company (Aetna) and Defendant ING Life Insurance and Annuity Company (ING). Chryniwsky is now seventy-seven years old and allegedly suffering from a terminal illness. Chryniwsky contends that Defendants recently terminated the Policy without giving him proper notice. Aetna no longer exists and ING's successor entity is Defendant Voya Retirement Insurance and Annuity Company (Voya). Defendant Lincoln Life and

1

Annuity Company of New York d/b/a Lincoln Financial Group (Lincoln) acts as Voya's agent with respect the Policy.

On June 10, 2015, Chryniwsky contested the Policy's termination by filing a complaint for declaratory relief against Defendants in state court. Defendants removed the state action to federal court alleging diversity subject matter jurisdiction. (Not. 3-4). Chryniwsky now moves to remand the instant action back to state court.

## **LEGAL STANDANRD**

Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Diversity subject matter jurisdiction is delineated in 28 U.S.C. § 1332(a), which provides the following:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

*Id.* The Seventh Circuit has held that "[t]he party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758-59 (7th Cir. 2009). After a case has been removed to federal court and the defendant has put forth sufficient evidence, a plaintiff may move to remand the case back to state court only if appears to a legal certainty the amount in controversy cannot be met. *McCormick v. Independence Life and Annuity Co.*, 794 F.3d 817-19 (7th Cir. 2015)

## DISCUSSION

Defendants argue that the amount in controversy requirement has been met. The Seventh Circuit has stated that the amount in controversy is defined as "whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins." *Hart v. Schering Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001). Defendants argue that the amount in controversy is $80,000 based upon the $50,000 value of the Policy plus $30,000 in potential attorney fees that Chryniwsky may be entitled to under 215 ILCS 5/155(1) (Section 155) of Illinois Insurance Code. (Not. 3-4). Chryniwsky argues that he is not entitled to such fees and that he did not file a claim for attorney fees under Section 155. (Remand 2-3).

Section 155 provides that "[i]n any action . . . wherein there is in issue the liability of a company . . . for an unreasonable delay in settling a claim, and it appears to the court that such . . . delay is vexatious and unreasonable, the court may

3

allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of [three designated] amounts." *See Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1023 (7th Cir. 2013)(stating that Section 155 provides "an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable").

Chryniwsky's complaint does not make any reference to Section 155 attorney fees. (Removal Ex. B). Further, Chryniwsky makes clear in his motion to remand that he did not file a claim for attorney fees under Section 155 and that he does not believe he is even able to assert such a claim based upon the facts of this case. (Remand 3; Ex. B). Defendants point to two letters from Chryniwsky's attorneys, dated more than 18 months the action was filed, that they contend indicate that Chryniwsky was going to file a claim for attorney fees under Section 155. (Response Ex. A, B). Such letters, however, make no specific mention of a claim for attorney fees under Section 155. (Response Ex. A, B). Further, even if Chryniwsky was eligible to file a claim for attorney fees under Section 155, Chryniwsky indicates that at the time the action was removed he had incurred less than $10,000.00 in attorney fees. *See Gardynski Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir. 1998)(internal quotations omitted)(stating that "legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount in controversy when the suit is filed"); *see also Hart*, 253 F.3d at 274(rejecting that legal fees incurred after filing

4

counted toward amount in controversy and stating that "jurisdiction depends on events that exist on or before the date of filing"). Accordingly, Defendants' calculation of $30,000 in potential attorney fees is inaccurate. Thus, Defendants have failed to show that the amount in controversy at the time of the removal exceeded $75,000. The $50,000 Policy and the $10,000 in attorney fees accounted thus far were the only amounts at issue when this case was removed. Based on the above, the motion to remand is granted.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion to remand is granted and the instant action is remanded pursuant to 28 U.S.C. § 1447(c).

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 22, 2015